**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

IN RE:

LAWRENCE IWUAMADI and          CASE NO.: 12-73546
CHINYERE IWUAMADI,            CHAPTER 11

         DEBTORS IN POSSESSION,

**FIRST AMENDED PLAN OF REORGANIZATION**

**November 11, 2013**

W. GREER MCCREEDY, II
MCCREEDY LAW GROUP, PLLC
413 WEST YORK STREET
NORFOLK, VA 23510
TELEPHONE (757) 233-0045
FACSIMILE (757) 233-7661

# PLAN OF REORGANIZATION

## I.  INTRODUCTION

Lawrence Iwuamadi and Chinyere Iwuamadi husband and wife (the "Iwuamadis" or the "Debtors") propose this Plan under the provisions of Chapter 11, Title 11, United States Code. All claims and interests against the Debtors, of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all claims arising from the rejection of executory contracts and/or unexpired leases, whether resulting in an Allowed Claim or not, shall be bound by the provisions of the Plan.

## II.  DEFINITIONS RULES OF CONSTRUCTION

The definitions and rules of construction set forth in 11 U.S.C. §§101 and 102 of the Bankruptcy Code shall apply to any term used in the Plan or Disclosure Statement, unless otherwise expressly defined herein, and are supplemented by the following definitions:

1340 Sierra Drive Property: The real property located at 1340 Sierra Drive, Virginia Beach, VA.

5829 E. Hastings Arch Property: The real property located at 5829 E. Hastings Arch, Virginia Beach, VA.

3333 Scarborough Way Property: The real property located at 3333 Scarborough Way, Virginia Beach, VA.

5606 Summit Arch Property: The real property located at 5606 Summit Arch, Virginia Beach, VA.

3249 Creekside Drive Property: The real property located at 3249 Creekside Drive, Virginia Beach, VA.

3335 Scarborough Way Property: The real property located at 3335 Scarborough Way, Virginia Beach, VA.

879 S. Clubhouse Road Property: The real property located at 879 S. Club House Road, Virginia Beach, VA.

3307 Rainier Court Property: The real property located at 3307 Ranier Court, Virginia Beach, VA.

2104 Gilmerton Road Property: The real property located at 2104 Gilmerton Road, Chesapeake, VA.

3928 St. Eric's Turn Property: The real property located at 3928 St. Eric's Turn, Williamsburg, VA.

3280 Sacramento Drive Property: The real property located at 3280 Sacramento Drive, Virginia Beach, VA.

519 Pier Court Property: The real property located at 519 Pier Court, Virginia Beach, VA.

5612 Dodington Court Property: The real property located at 5612 Dodington Court, Virginia Beach, VA

1313 Pershing Court Property: The real property located at 1313 Pershing Court, Virginia Beach, VA.

1752 Purpose Drive Property: The real property located at 1752 Purpose Drive, Virginia Beach, VA.

891 S. Clubhouse Road Property: The real property located at 891 S. Clubhouse Road, Virginia Beach, VA.

1733 Live Oak Trail Property: The real property located at 1733 Live Oak Trail, Virginia Beach, VA.

**Administrative Claim or Administrative Expense**: The costs and expenses of this Chapter 11 case, including: (1) the actual, necessary costs and expenses of preserving the Debtor's Estate; (2) operating the business of the Debtor; (3) all allowances of compensation and reimbursement of costs and expenses under §§330 or 503 of the Bankruptcy Code; or (4) as may be otherwise Allowed by an Order of the Court.

**Allowed or Allowed Claim**: With respect to a Claim against either of the Debtors, such claim to the extent that (1) a proof of claim was timely filed and to which no objection has been filed within the timeframes contained in this Plan or otherwise set by the Court; or (2) a proof of claim was deemed filed pursuant to Section 111l(a) of the Code, and such claim was not listed on the Debtors' schedules as disputed, contingent or unliquidated; or, (3) a claim which is fixed by an Order of the Court.

**Ballot**: The document by which the holder of a claim against or an interest in the Debtor indicates whether such holder accepts or rejects the Plan.

**Bankruptcy Code**: Title 11, United States Code, and the United States Bankruptcy Code.

To the extent that the Disclosure Statement assigns separate or additional definitions therein, such definitions are limited to the Disclosure Statement and are not incorporated into the Plan by any reference in the Disclosure Statement to the Plan.

**Bankruptcy Court or Court**: The United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division, acting in this case.

**Bar Date**: The deadline established by the Court to file a proof of claim with the Bankruptcy Court, which deadlines was December 17, 2012 for general creditors and was February 19, 2013 for all governmental units.

**Case or this Case**: The case to reorganize the Debtor commenced by filing a voluntary

petition under Chapter 11 of the Bankruptcy Code on the Filing Date that is now pending in the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division.

**Claim or Claims**: Any and all claims, as defined in 11 U.S.C. §101(5) against the Debtors, their Property or their Estates.

**Confirmation or Confirmation of the Plan**: The date on which an order confirming the Plan is entered on the docket.

**Confirmation Hearing**: The hearing on the Confirmation of the Plan.

**Confirmation Order**: The order entered by the Bankruptcy Court confirming the Plan.

**Consummation of the Plan**: Substantial consummation, as that term is defined in 11 U.S.C. §1102.

**Creditor**: Any holder of a Claim.

**Debtors**: Chinyere Iwuamadi, one of the Debtors.

**Debtors**: Lawrence Iwuamadi and Chinyere Iwuamadi, the debtors in this Case.

**Deficiency Claim**: The amount of an Allowed Claim against a Debtor that exceeds the amount of an Allowed Secured Claim of a creditor.

**Disputed Claim**: A Claim to which an objection has been filed with the Bankruptcy Court.

**Distribution Date**: The later of (a) the first business day 45-days after the Effective Date or (b) ten business days after the last Order allowing or disallowing administrative expenses, for which payment has been requested in accordance with the Plan, becomes final.

**Distributions**: The amounts to be distributed to holders of Allowed Unsecured Claims under the Plan. Effective Date: The Effective Date of this Plan, as used in Chapter 11 of the Bankruptcy Code, shall be the 25th day of the month in the first full month following Confirmation of the Plan.

**Estate or the Estate**: All property and interests in property belonging to either or both of the Debtors as of the Filing Date pursuant to § 54l(a), and proceeds of such property. This term excludes: (1) interests in property which revest in the Debtor upon Confirmation of the Plan pursuant to § 1141(b); (2) interests in property excluded from the Estate pursuant to §§ 54l(a)(6) and 541(c)(2); (3) interests in property which are exempt pursuant to § 522; and (4) interests in property abandoned pursuant to § 554.

**Executory Contracts**: All contracts subject to the provisions of 11 U.S.C. §365 for which there is performance due from all parties to the contract as defined in Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1045 (4th Cir. 1985).

4

**Filing Date**: August 20, 2012, the date this case was originally filed with the Court.

**Final**: In reference to an order, shall mean an order of a court that has not been reversed, modified, amended or stayed, and the time for appeal or to seek review or certiorari or rehearing thereof, has expired and as to which no appeal, review or rehearing is pending, and has become conclusive of all matters adjudicated thereby and is in full force and effect.

**Impaired**: With respect to a claim or class of claims, treatment that is not consistent with any one or more of the subsections of§ 1124.

**IRS**: The Internal Revenue Service, an agency of the Department of Treasury of the United States.

**Loan Documents**:  All of the documents evidencing, securing, or otherwise relating to a Secured Claim of any lending institution against any of the Debtors.

**Plan**: The Debtor's Amended Plan of Reorganization dated November 11, 2013.

**Post-Petition**:  Times and dates on and after the Filing Date.

**Pre-Petition**:  Times and dates before the Filing Date.

**Priority/Priority Claim**:  The portion of an Allowed claim that is not a Secured Claim and which is entitled to priority under §507(a) of the Bankruptcy Code.

**Property**: All property and interests in property belonging to the Debtor as of the Filing Date pursuant to §54l(a), and proceeds of such property. It excludes: (**I**) interests in property which revest in the Debtor upon Confirmation of the Plan pursuant to § 1141(b); (2) interests in property excluded from the Estate pursuant to §§ 54l(a)(6) and 54l(c)(2); (3) interests in property exempt pursuant to § 522; and (4) interests in property abandoned pursuant to§ 554.

**Priority/Priority Claim**: The portion of a claim that is entitled to priority under § 507(a) of the Code.

**Rule n**: The Rule of the Federal Rules of Bankruptcy Procedure.

**Second Deed of Trust Claim**: As identified on Schedule A attached to the Plan, an Unsecured Claim of a creditor with a lien (i) on one of the Real Properties that the Debtor intends to retain under the Plan; (ii) that is subordinate to another lien that Secures an Allowed Claims and (iii) in an amount, combined with all Allowed Claims.

**Section n or § n**: The section of the Bankruptcy Code.

**Secured or Secured Claim**: A claim secured by a lien, security interest, a charge against, or an interest in property in which the Debtor has an interest; which has been perfected as

required by applicable non bankruptcy law, or which is subject to set off under §553; to the extent of but not exceeding the value (determined in accordance with §506 of the interest of the holder of such claim in the Debtor's interest in such property, or to the extent of the amount subject to set off; together with interest, fees, costs and charges as may be Allowed by §506(b)).

**Disclosure Statement**:  The Debtor's Amended Disclosure Statement dated November 11, 2013 , which is filed in accordance with the requirements of §1125(b).

**Unsecured or Unsecured Claim**:  A claim which is neither a Priority Claim nor a Secured Claim, including without limitation Deficiency Claims and Second Deed of Trust Claims.

**U.S. Trustee**:  The Office of the United States Trustee for the Eastern District of Virginia, Norfolk Division.

### III. SUMMARY OF PLAN AND MEANS OF EXECUTION

The Plan provides for seventeen classes of Secured Claims and one class of Unsecured Claims. The Debtors will offer their principal residence on Live Oak Trail for Sale, but in the event that no sale in forthcoming which would adequately satisfy all consensual liens, the property will be surrendered. Creditors holding Allowed Claims that are Secured by the Rental Properties will receive monthly cash payments based on the value of each Secured Creditor's interest in the Rental Properties.

Pursuant to 11 U.SC. § 506(a)(1), any Allowed Deficiency Claims are treated as Unsecured Claims.  Allowed Unsecured Claims will receive quarterly pro rata Distributions. The Plan also provides for the payment of any Administrative and Priority Claims which have not been not been paid in full by the Effective Date from income from employment and rent proceeds, the Debtors will make the following payments to creditors:

- monthly principal and interest payments, based on the value of the Rental Properties to the holders of Claims Secured by the Rental Properties;

- regular contractual monthly payments of principal and interest to the holder of the Claim secured by a first priority deed of trust on the Residence, plus 360 monthly payments to cure any pre-Confirmation arrearages;

- Quarterly Payments which, after 6 years will total $ 127,000, and will be distributed pro-rata every quarter to holders of Allowed Unsecured Claims.  All Creditors should refer to sections VB through VS of this Plan for information regarding the precise treatment of their claims. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

### A.  Means of Cash Payments.

After Confirmation, the Debtors will retain the Debtor in Possession bank account into which they will deposit the Quarterly Payments. Pro-rata payments to Unsecured Creditors made pursuant to the Plan will be by check from the account. Administrative Expenses will be paid from funds escrowed for such purpose prior to confirmation and held by Debtors' counsel supplemented as necessary from the DIP operating account. The lwuamadis will make all other payments under the plan from post Confirmation earnings from employment and income from the Rental Properties and from exempt assets as needed.

### B.  Delivery of Distributions and Returned Distributions.

Distributions, deliveries, and any notice to holders of Allowed Claims will be made at: (i) the addresses set forth in any proof of claim filed by the holder of such Allowed Claims, or if none, at the address set forth in the Notice of Appearance filed with the Court, or if none, at the address set forth in the Debtor's Schedules; or (ii) at the addresses set forth in any written notice of address changes delivered and received by the Debtor; or (iii) at the option of the Debtor, to counsel of record for the holder of any Allowed Claim.  If any distribution is returned as undeliverable, no further Distributions to the holder will be made unless and until the Debtor is notified of the holder's  then current address, at which time all returned Distributions will be made to the holder without interest. All claims for undeliverable Distributions must be made to the Debtor on or before the six (6) month anniversary of the Effective Date. After that date, all unclaimed property will be remitted to the Debtor's debtor in possession bank account, and the entire Claim of any holder with respect to such property will be forever barred.

### C.  Time Bar to Cash Payments.

Checks issued by the Debtor in respect of Allowed claims will be void if not cashed within 60 days of the date of their issuance. Requests for reissuance of any check shall be made to the Debtor by the holder of the Allowed Claim with respect to which the check originally was issued. Any claim in respect of such a voided check must be made on or before 90 days after the date of issuance of the check. After that date, all claims in respect of void checks will be forever barred and the amount of the check shall be distributed in accordance with the terms of the Plan.

### D.  De Minimis Distributions.

No payment of less than ten dollars ($10.00) will be made by the Debtor on account of any Claim. If at any time the total amount of cash available for Distribution to all holders of Allowed Claims is insufficient to pay any holder of such Allowed Claims at least ten dollars ($10.00) and the Debtor determines that, to the best of its knowledge, no more funds will

subsequently become available for Distribution, then all of the remaining funds may be used as the Debtor sees fit.

## IV. SECURED STATUS OF CLAIMS SECURED BY THE REAL PROPERTIES

Pursuant to Section 506(a)(l)  of the Bankruptcy Code, an Allowed Claim of a creditor is secured only to the extent of the value of the creditor's  interest in any of the Real Properties against which the creditor asserts a lien or interest.

### A.  Claims Secured by Rental Properties.

The Rental Properties are subject to liens of first priority deeds of trust which exceed the current value of the properties. Holders of Allowed Claims that are Secured by the Rental Properties will be paid only the value of the real property with interest as provided in Section V, "A" through "R" of the Plan. Any Deficiency Claim will be treated as an Unsecured Claim under Section V, "S" of the Plan as "Class 18". The holder of any Allowed Secured Claim shall release its lien upon satisfaction of the Claim in accordance with the Plan and the Bankruptcy Code.

### B.  Second Deed of Trust Claims.

Based on the value of all the Real Properties, all Second Deed of Trust Claims are Unsecured and shall be treated as Class 18 Claims under the Plan. The Confirmation Order shall contain a legal description of the Real Properties and language releasing the liens of the holders of Second Deed of Trust Claims which shall be recorded upon confirmation among the land records of the appropriate jurisdiction for each of the Real Properties.

## V.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A.  Treatment Applicable to all Classes of Claims.

Each class of Claims shall be satisfied only by the Debtor obligated on the Claim as of the Petition Date. Nothing in the Plan shall obligate any Debtor on any Claim for which he or she was not liable as of the Petition Date, nor transform any Claim against only one of the Debtors into a joint Claim.

### B.  Class 1 – Secured Claim of The Bank of NY Mellon.

This class is comprised of the Allowed Claim of The BANK OF NY MELLON against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first Deed of Trust on the 1733 LIVE OAK TRAIL Property. The approximate balance owed is $838,579. The property is appraised for $750,000.

This class is Impaired. The holder of the Class 1 Claim, believed to be The BANK OF NY MELLON is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy

Code. The Class 1 Claim shall be bifurcated and Allowed as a secured claim in the amount of $ 750,000, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 1733 LIVE OAK TRAIL Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $88,579 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Debtors propose to list the property for short sale at the appraised value of $750,000, for a period of 120 days. For the purposes of plan calculation the Debtor estimates that the Class 1 creditor will suffer a deficiency of approximately $150,000.00 and the Second Deed of Trust holder will receive no proceeds from the sale to apply against its $159,000.00 claim.  In any event, if not sold, the Debtor will surrender the property at 1733 Live Oak Trail and move to the more affordable home at 1752 Purpose Drive, within 120 days of the effective date.

Both deficiencies will be treated in Class 18.

### C.  Class 2 – Claim of GMAC Mortgage.

This class is comprised of the Allowed Claim of GMAC MORTGAGE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 1340 SIERRA DRIVE Property.  The approximate balance owed is $102,099. The property is appraised for $105,000.

1340 Sierra Drive was conveyed into the name of "Lach International" at the recommendation of Gloria Ryser.  Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi and Chenyere A. Iwuamadi , the Grantor on the Deed of Trust.

This class is Impaired. The holder of the Class 2 Claim, believed to be GMAC MORTGAGE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 2 Claim shall be Allowed in the amount of $102,099, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 1340 Sierra Drive Property pursuant to 11 U.S.C. § 506 and 1129(b)(2)(A).

The Allowed Secured Claim shall be satisfied as follows:

1.    In accordance with 11 U.S.C. §§ 1129(b)(2)(A)(i)(I), GMAC MORTGAGE shall retain its lien on the 1340 SIERRA DRIVE Property to the extent of the Allowed Amount of the Class 2 Claim.

2.    The Allowed amount of the Class 2 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 538.92 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each

calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.      The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.      Within the latter of the Effective Date or sixty days after receipt of written notice that GMAC MORTGAGE shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.      To the extent that GMAC MORTGAGE's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.      At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 2 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.      Upon satisfaction of all payments due under the Plan, the holder of the Class 2 Claim shall release the lien of the deed of trust on the 1340 SIERRA DRIVE property.

### D.  Class 3 - Claim of GMAC Mortgage

This class is comprised of the Allowed Claim of GMAC MORTGAGE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 5829 EAST HASTINGS ARCH Property. The approximate balance owed is $149,107. The property appraised for $100,000.

This class is Impaired. The holder of the Class 3 Claim, believed to be GMAC MORTGAGE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 3 Claim shall be bifurcated and Allowed as a secured claim in the amount of $100,000, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 5829 EAST HASTINGS ARCH Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $49,107 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.  In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), GMAC Mortgage shall retain its lien on the 5829 EAST HASTING ARCH Property to the extent of the Allowed Amount of the Class 3 Claim.

2.  The Allowed amount of the Class 3 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 527.84 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.  The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.  Within the latter of the Effective Date or sixty days after receipt of written notice that GMAC MORTGAGE shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.  To the extent that GMAC MORTGAGE's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.  At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 3 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.  Upon satisfaction of all payments due under the Plan, the holder of the Class 3 Claim shall release the lien of the deed of trust on the 5829 EAST HASTINGS ARCH property.

### E.  Class 4- Claim of Wells Fargo

This class is comprised of the Allowed Claim of WELLS FARGO against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 3333 SCARBOROUGH WAY Property.  The approximate balance owed is $ 91,000. The property is appraised for $62,500.

This class is Impaired. The holder of the Class 4 Claim, believed to be WELLS FARGO is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 4 Claim shall be bifurcated and Allowed as a secured claim in the amount of

$62,500, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 3333 SCARBOROUGH WAY Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $28,600 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.   In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), WELLS FARGO shall retain its lien on the 3333 SCARBOROUGH WAY Property to the extent of the Allowed Amount of the Class 4 Claim.

2.   The Allowed amount of the Class 4 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 329.90 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.   The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.   Within the latter of the Effective Date or sixty days after receipt of written notice that WELLS FARGO shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.   To the extent that WELLS FARGO's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.   At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 4 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.   Upon satisfaction of all payments due under the Plan, the holder of the Class 4 Claim shall release the lien of the deed of trust on the 3333 SCARBOROUGH WAY property

**F. Class 5 - Claim of Wells Fargo**

This class is comprised of the Allowed Claim of WELLS FARGO against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the

5606 SUMMIT ARCH Property.  The approximate balance owed is $ 75,111. The property is appraised for $50,000.

This class is Impaired. The holder of the Class 5 Claim, believed to be WELLS FARGO is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 5 Claim shall be bifurcated and Allowed as a secured claim in the amount of  $50,000, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 5606 SUMMIT ARCH Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $25,111 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.  In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), WELLS FARGO shall retain its lien on the 5606 SUMMIT ARCH Property to the extent of the Allowed Amount of the Class 5 Claim.

2.  The Allowed amount of the Class 5 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 263.92 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.  The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.  Within the latter of the Effective Date or sixty days after receipt of written notice that WELLS FARGO shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.  To the extent that WELLS FARGO's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.  At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 5 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

13

7.     Upon satisfaction of all payments due under the Plan, the holder of the Class 5 Claim shall release the lien of the deed of trust on the 5606 SUMMIT ARCH property.

### G. Class 6 – Claim of JP Morgan Chase

This class is comprised of the Allowed Claim of JP MORGAN CHASE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 3249 CREEKSIDE DRIVE Property. The approximate balance owed is $95,070. The property is appraised for $60,000.

3249 Creekside Drive was conveyed into the name of "Lach International" at the recommendation of Gloria Ryser. Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi and Chinyere Iwuamadi, the Grantors on the Deed of Trust.

This class is Impaired. The holder of the Class 6 Claim, believed to be JP MORGAN CHASE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 6 Claim shall be bifurcated and Allowed as a secured claim in the amount of $ 60,000, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 3249 CREEKSIDE DRIVE Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $35,070 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.     In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), JP MORGAN CHASE shall retain its lien on the 3249 CREEKSIDE DRIVE Property to the extent of the Allowed Amount of the Class 6 Claim.

2.     The Allowed amount of the Class 6 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 316.70 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.     The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.     Within the latter of the Effective Date or sixty days after receipt of written notice that JP MORGAN CHASE shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate

amount calculated in accordance with applicable law and the Loan Documents.

5.    To the extent that JP MORGAN CHASE's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.    At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 6 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.    Upon satisfaction of all payments due under the Plan, the holder of the Class 6 Claim shall release the lien of the deed of trust on the 3249 CREEKSIDE DRIVE property.

## H.  Class 7 – Claim of Bank of America

This class is comprised of the Allowed Claim of BANK OF AMERICA against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 3335 SCARBOROUGH WAY Property. The approximate balance owed is $84,686. The property is appraised for $62,500.

This class is Impaired. The holder of the Class 7 Claim, believed to be BANK OF AMERICA is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 7 Claim shall be Allowed in the amount of $ 62,500, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 3335 SCARBOROUGH WAY Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $22,186 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.    In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), BANK OF AMERICA shall retain its lien on the 3335 SCARBOUROUGH WAY Property to the extent of the Allowed Amount of the Class 7 Claim.

2.    The Allowed amount of the Class 7 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 329.90 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.      The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.      Within the latter of the Effective Date or sixty days after receipt of written notice BANK OF AMERICAN shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.      To the extent that BANK OF AMERICA's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.      At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 7 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.      Upon satisfaction of all payments due under the Plan, the holder of the Class 7 Claim shall release the lien of the deed of trust on the 3335 SCARBOROUGH WAY property.

## I.   Claim 8 – Secured Claims of JP Morgan Case

This class is comprised of the Allowed Claim of JP MORGAN CHASE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 879 SOUTH CLUBHOUSE ROAD Property. The approximate balance owed is $ 94,528. The property is appraised for $92,500.

This class is Impaired. The holder of the Class 8 Claim, believed to be JP MORGAN CHASE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 8 Claim shall be bifurcated and Allowed as a secured claim in the amount of $ 92,500, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 879 SOUTH CLUBHOUSE ROAD Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $2,028 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.      In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), JP MORGAN CHASE shall retain its lien on the 879 SOUTH CLUBHOUSE ROAD Property to the extent of the Allowed Amount of the Class 8 Claim.

16

2.      The Allowed amount of the Class 8 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 488.25 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.      The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.      Within the latter of the Effective Date or sixty days after receipt of written notice that JP MORGAN CHASE shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.      To the extent that JP MORGAN CHASE's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.      At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 8 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.      Upon satisfaction of all payments due under the Plan, the holder of the Class 8 Claim shall release the lien of the deed of trust on the 879 SOUTH CLUBHOUSE ROAD property.

### J.   Class 9 – Claim of JP Morgan Chase

This class is comprised of the Allowed Claim of JP MORGAN CHASE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 3307 RAINIER COURT Property.  The approximate balance owed is $84,706. The property is appraised for $75,000.

3307 Rainier Court was conveyed into the name of "Lach International" at the recommendation of Gloria Ryser.  Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi and Chenyere A. Iwuamadi , the Grantors on the Deed of Trust.

This class is Impaired. The holder of the Class 9 Claim, believed to be JP MORGAN CHASE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 9 Claim shall be bifurcated and Allowed as a secured claim in the amount of $

75,000, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 3307 RAINIER COURT Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $14,786 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.  In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), JP MORGAN CHASE shall retain its lien on the 3307 RAINIER COURT Property to the extent of the Allowed Amount of the Class 9 Claim.

2.  The Allowed amount of the Class 9 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 395.88 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.  The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.  Within the latter of the Effective Date or sixty days after receipt of written notice that JP MORGAN CHASE shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.  To the extent that JP MORGAN CHASE's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.  At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 9 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.  Upon satisfaction of all payments due under the Plan, the holder of the Class 9 Claim shall release the lien of the deed of trust on the 3307 RAINIER COURT property.

### K.  Class 10- Claim of Greenpoint Mortgage

This class is comprised of the Allowed Claim of GREENPOINT MORTGAGE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first

deed of trust on the 2104 GILMERTON ROAD Property. The approximate balance owed is $175,235. The property is appraised for $185,000.

This class is Impaired. The holder of the Class 10 Claim, believed to be GREENPOINT MORTGAGE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 10 Claim shall be Allowed in the amount of $175,235, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 2104 GILMERTON ROAD Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A).

The Allowed Secured Claim shall be satisfied as follows:

1.   In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), GREENPOINT MORTGAGE shall retain its lien on the 2104 GILMERTON ROAD Property to the extent of the Allowed Amount of the Class 10 Claim.

2.   The Allowed amount of the Class 10 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $924.95 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.   The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.   Within the latter of the Effective Date or sixty days after receipt of written notice that GREENPOINT MORTGAGE shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.   To the extent that GREENPOINT MORTGAGE's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.   At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 10 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.      Upon satisfaction of all payments due under the Plan, the holder of the Class 10 Claim shall release the lien of the deed of trust on the 2104 GILMERTON ROAD property.

**L.              Class 11 – Claim of Bank of NY Mellon**

This class is comprised of the Allowed Claim of The Bank OF NY MELLON against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 3928 ST. ERIC'S TURN Property.  The approximate balance owed is $ 398,546. The property is appraised for $325,000.

3928 St. Eric's Turn was conveyed into the name of "St. Eric's Turn Holdings Trust" at the recommendation of Gloria Ryser.  Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi, the Grantor on the Deed of Trust.

This class is Impaired. The holder of the Class 11 Claim, believed to be The BANK OF NY MELLON is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 11 Claim shall be Allowed in the amount of $ 325,000, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 3928 ST. ERIC'S TURN Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A).

The Allowed Secured Claim shall be satisfied as follows:

1.      In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), The Bank OF NY MELLON shall retain its lien on the 3928 ST. ERIC'S TURN Property to the extent of the Allowed Amount of the Class 11 Claim.

2.      The Allowed amount of the Class 11 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 1,715.47 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.      The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.      Within the latter of the Effective Date or sixty days after receipt of written notice that The Bank OF NY MELLON shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.  To the extent that The Bank OF NY MELLON's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.  At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 11 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.  Upon satisfaction of all payments due under the Plan, the holder of the Class 11 Claim shall release the lien of the deed of trust on the 3928 ST. ERIC'S TURN property.

### M. Class 12- Claim of Wells Fargo

This class is comprised of the Allowed Claim of WELLS FARGO against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 3280 SACRAMENTO DRIVE Property. The approximate balance owed is $ 243,706. The property is appraised for $277,500.

3280 Sacramento Drive was conveyed into the name of "Sacramento Holdings Trust #3280" at the recommendation of Gloria Ryser.  Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi, the Grantor on the Deed of Trust.

This class is Impaired. The holder of the Class 12 Claim, believed to be WELLS FARGO is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 12 Claim shall be Allowed in the amount of $ 243,706, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 3280 SACRAMENTO DRIVE Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A).

The Allowed Secured Claim shall be satisfied as follows:

1.  In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), WELLS FARGO shall retain its lien on the 3280 SACRAMENTO DRIVE Property to the extent of the Allowed Amount of the Class 12 Claim.

2.  The Allowed amount of the Class 12 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 1,286.37 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.  The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.      Within the latter of the Effective Date or sixty days after receipt of written notice that WELLS FARGO shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.      To the extent that WELLS FARGO's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.      At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 12 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.      Upon satisfaction of all payments due under the Plan, the holder of the Class 12 Claim shall release the lien of the deed of trust on the 3280 SACRAMENTO DRIVE property.

### N. Class 13 – Claim of Wells Fargo

This class is comprised of the Allowed Claim of WELLS FARGO against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 519 PIER COURT Property. The approximate balance owed is $ 78,558. The property is appraised for $51,000.

This class is Impaired. The holder of the Class 13 Claim, believed to be WELLS FARGO is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 13 Claim shall be bifurcated and Allowed as a secured claim in the amount of $ 51,000, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 519 PIER COURT Property pursuant to 11 U.S.C. § 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $17,558 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.      In accordance with 11 U.S.C. §1129(b)(2)(A)(i)(I), WELLS FARGO shall retain its lien on the 519 PIER COURT Property to the extent of the Allowed Amount of the Class 13 Claim.

2.      The Allowed amount of the Class 13 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 269.20 are due and payable monthly,

beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.       The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.       Within the latter of the Effective Date or sixty days after receipt of written notice that WELLS FARGO shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.       To the extent that WELLS FARGO's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.       At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 13 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.       Upon satisfaction of all payments due under the Plan, the holder of the Class 13 Claim shall release the lien of the deed of trust on the 519 PIER COURT property.

### O.   Class 14 – Claim of Wells Fargo

This class is comprised of the Allowed Claim of WELLS FARGO against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 5612 DODINGTON COURT Property.   The approximate balance owed is $ 108,468. The property is appraised for $90,000.

This class is Impaired. The holder of the Class 14 Claim, believed to be WELLS FARGO is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 14 Claim shall be bifurcated and Allowed as a secured claim in the amount of $90,000, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 5612 DODINGTON COURT Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A).   The Unsecured portion of the claim in the sum of $18,468 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.     In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), WELLS FARGO shall retain its lien on the 5612 DODINGTON COURT Property to the extent of the Allowed Amount of the Class 14 Claim.

2.     The Allowed amount of the Class 14 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 475.05 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.     The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.     Within the latter of the Effective Date or sixty days after receipt of written notice that WELLS FARGO shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.     To the extent that WELLS FARGO's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.     At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 14 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.     Upon satisfaction of all payments due under the Plan, the holder of the Class 14 Claim shall release the lien of the deed of trust on the 5612 DODINGTON COURT property.

### P.  Class 15 – Claim of Countrywide

This class is comprised of the Allowed Claim of COUNTRYWIDE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 1313 PERSHING COURT Property.  The approximate balance owed is $113,290. The property is appraised for $75,000.

1313 Pershing Court was conveyed into the name of "Lach International" at the recommendation of Gloria Ryser.  Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi and Chenyere A. Iwuamadi , the Grantors on the Deed of Trust.

This class is Impaired. The holder of the Class 15 Claim, believed to be COUNTRYWIDE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 15 Claim shall be bifurcated and Allowed as a secured claim in the amount of $75,000, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 1313 PERSHING COURT Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $38,290 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.　　In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), COUNTRYWIDE shall retain its lien on the 1313 PERSHING COURT Property to the extent of the Allowed Amount of the Class 15 Claim.

2.　　The Allowed amount of the Class 15 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 395.88 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.　　The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.　　Within the latter of the Effective Date or sixty days after receipt of written notice that COUNTRYWIDE shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.　　To the extent that COUNTRYWIDE's allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.　　At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 15 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.　　Upon satisfaction of all payments due under the Plan, the holder of the Class 15 Claim shall release the lien of the deed of trust on the 1313 PERSHING COURT property.

25

### Q.  Class 16 – Claim of Aurora Bank

This class is comprised of the Allowed Claim of AURORA BANK against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 1752 PURPOSE DRIVE Property. The approximate balance owed is $447,451. The property is appraised for $345,000.

1752 Purpose Drive was conveyed into the name of "Purpose Holdings Trust #1752" at the recommendation of Gloria Ryser.  Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi and Chenyere A. Iwuamadi , the Grantors on the Deed of Trust.

This class is Impaired. The holder of the Class 16 Claim, believed to be AURORA BANK is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 16 Claim shall be bifurcated and Allowed as a secured claim in the amount of $345,000, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 1752 PURPOSE DRIVE Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $102,451 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1. In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), AURORA BANK shall retain its lien on the 1752 PURPOSE DRIVE Property to the extent of the Allowed Amount of the Class 16 Claim.

2. The Allowed amount of the Class 16 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 1,821.04 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3. The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4. Within the latter of the Effective Date or sixty days after receipt of written notice that AURORA BANK shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.      To the extent that AURORA BANK's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.      At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 16 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

### R.  Class 17 – Claim of Bank of America

This class is comprised of the Allowed Claim of BANK OF AMERICA against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 891 S. CLUB HOUSE ROAD Property. The approximate balance owed is $107,576. The property is appraised for $92,500.

891 S. Clubhouse Road was conveyed into the name of "Lach International" at the recommendation of Gloria Ryser.  Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi and Chenyere A. Iwuamadi , the Grantors on the Deed of Trust.

This class is Impaired. The holder of the Class 17 Claim, believed to be BANK OF AMERICA is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 17 Claim shall be bifurcated and Allowed as a secured claim in the amount of $ 92,500, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 891 S. CLUB HOUSE ROAD Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A).  The Unsecured portion of the claim in the sum of $15,076 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.      In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), BANK OF AMERICA shall retain its lien on the 891 S. CLUB HOUSE ROAD Property to the extent of the Allowed Amount of the Class 17 Claim.

2.      The Allowed amount of the Class 17 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 488.25 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.      The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.      Within the latter of the Effective Date or sixty days after receipt of written notice that BANK OF AMERICA shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.      To the extent that BANK OF AMERICA's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.      At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 17 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.      Upon satisfaction of all payments due under the Plan, the holder of the Class 17 Claim shall release the lien of the deed of trust on the 891 S. CLUB HOUSE ROAD property.

**S.  Class 18 –Unsecured Claims.**

This class is compromised of all priority unsecured claims, including the unsecured portion of normally secured claims bifurcated pursuant to 11 USC § 506 and the claim of the Second Deed of Trust holders avoided or "stripped" as wholly unsecured.

This class is comprised of all Unsecured Claims. This class is Impaired. Holders of Unsecured Claims are entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Debtors will contribute from their income, after accounting for payments of household expenses, Priority Claims, Secured Claims, expenses associated with the Rental Properties, and fees to the U.S. Trustee, and make pro-rata Distributions of Quarterly Payments, in satisfaction of all Class 18 Claims.

1. $5,292 for 24 quarters.

The Debtors shall distribute the Quarterly Payments pro-rata to holders of Class 18 Claims, based on the total Allowed Amount of the Unsecured Claims. At any time after the Effective Date, the Debtors may fully satisfy all obligations due to holders of Class 18 Claims by pre-paying the outstanding balance of the Quarterly Payments due under the Plan, or an amount otherwise agreed by any member of Class 18. A final distribution shall be made pro-rata to holders of Class 18 Claims if the Debtors elect to make such a pre-payment.

## VI. TREATMENT OF ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS

A. Unclassified Claims. Under §1123(a)(l) of the Bankruptcy Code, administrative expense claims and priority tax claims are not in classes.

B. Allowed Administrative Expense Claims. Except as otherwise provided in the Plan, each holder of an administrative expense claim that has been Allowed under II U.S.C. §503 of the Bankruptcy Code will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Any amounts due and owing after Confirmation shall be paid directly by the Iwuamadis'.

C. Ordinary Course Expenses. Administrative Expenses representing Post-Petition liabilities incurred in the ordinary course of the Debtors' operation of the Rental Properties or in the operation of the Household shall be paid by the Debtors in accordance with the terms and conditions of the particular transactions relating to such liabilities and any agreements relating thereto. Holders of such Post-Petition Claims shall not be required to file any request for payment of such Administrative Expenses.

D. Priority Tax Claims. Each holder of a priority tax claim shall be paid in the manner described below.

     None

E. United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code, whichever occurs first. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date. The Debtors reserve the right, after Confirmation and once the estate has been fully administered and the discharge of the Debtors is the only business remaining before the Court, to file a motion to close the Case, subject to re-opening for entry of a discharge upon completion of payments under the plan under Section 1141(d)(5)(A) or (B).

## VII. ALLOWANCE AND DISALLOWANCE OF CLAIMS

A. Objections to Claims. The Debtors have begun the process of evaluating the validity and amount claimed in the filed proofs of claim and will file any objections to such claims not later than 60 days after Confirmation.

B. Allowance of Claims for Purposes of Voting. Unless otherwise objected to prior to Confirmation by any party in interest, the holder of any Claim for which a proof of claim (I) has been filed before the deadline set by the Bankruptcy Court for

voting on the Plan or (2) has been deemed filed pursuant to Section 1111 (a of the Code shall be Allowed only for purposes of voting to accept or reject the Plan. The absence of any objection to or examination of any Claim for the purposes of voting, shall not be deemed to be a waiver of the Debtors' right to object to, or re-examine, the Claim in whole or in part for purposes of payment under the Plan.

C. Delay of Distribution on Disputed Claim. No distribution will be made on account of any Claim that has not been allowed.

D. Settlement of Disputed Claim. The Debtors have the power and authority to settle and compromise a Disputed Claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## VIII.   PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

In accordance with 11 U.S.C. § 1123(a)(5), all pre-petition executory contracts and/or unexpired leases to which either Debtor was a party are rejected under the Plan, unless at least twenty-one (21) days before the Confirmation Hearing, the Debtors file a notice of any pre-petition executory contracts and/or unexpired leases which they intend to assume upon the Effective Date of the Plan. The Debtors shall serve all parties to the contracts identified in the notice with a copy of the notice.

## IX.   EFFECTS OF CONFIRMATION

Confirmation of the Plan, except to the extent expressly stated to the contrary in the Plan, shall generally have the effect described in §1141. As this is a reorganizing plan, the Debtors will receive a discharge, pursuant to 11 U.S.C. §1141. AH creditors and parties in interest will be bound by the Plan, as confirmed, and will not have claims against the Debtors other than as specifically stated in the Plan. The sole remedy and right of collection of the holders of Claims shall be pursuant to the provisions of this Plan, whether or not they accepted this Plan and whether or not the claims of such holder are impaired under the Plan. Upon the conclusion of all payments under the Plan, the Debtors shall be released and discharged from any and all Pre-Petition claims, rights, debts, liabilities, demands, obligations, liens, security interests, rights of indemnity or contribution, promises, acts, agreements, covenants, contracts, costs, expenses (including, without limitation, attorneys' fees), judgments, damages, and causes of action, of any kind or nature, in law, equity, or otherwise, whether known or unknown, direct or indirect, which any creditor, ever had, now have or hereafter can, shall or may have, or succeed to, arising from relating to, or in connection with, whether directly or indirectly, the Case and the provisions of this Plan.

## X. GENERAL PROVISIONS

A. Effectuating Documents and Further Transactions: The appropriate Debtor, or either of them, shall be authorized to execute, deliver, file or record such stipulations, contracts, instruments, releases and other agreements or documents and take such actions on behalf of the Debtors as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

B. Exemption from Transfer Taxes: Pursuant to § 1146(c) of the Bankruptcy Code, the delivery of any deed or other instrument of transfer, under, in furtherance of, or in connection with this Plan, including any deeds, bills of sale or assignments executed in connection with the disposition of assets, contemplated by this Plan shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

C. Permanent Injunction: As of the Effective Date, all entities that have held, currently hold or may hold any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities that are released pursuant to the Plan will be permanently enjoined from taking any of the following actions against the Debtor or the Estate, and/or its respective property on account of such released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities:

> (i) commencing or continuing in any manner any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any Lien or encumbrance; (iv) asserting a set off or right of subrogation of any kind against any debt, liability or obligation due to any released entity; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

D. Modification of Plan: The Debtors reserves the right, in accordance with the Bankruptcy Code and Bankruptcy Rules, to amend or modify this Plan at any time prior to the entry of the Confirmation Order. After the entry of the Confirmation Order, the Debtors may amend or modify this Plan, in accordance with Bankruptcy Code § 1127, or remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purpose and intent of this Plan. A holder of an Allowed Claim or equity interest that is deemed to have accepted this Plan shall be deemed to have

accepted this Plan as modified if the proposed modification does not materially and adversely change the treatment of the Claim or equity interest of such holder.

E. Withdrawal or Revocation: The Debtors may withdraw or revoke this Plan at any time prior to the Confirmation. If the Debtors revoke or withdraw this Plan prior to Confirmation, or if this Plan is not Confirmed, then this Plan shall be deemed null and void.

F. Courts of Competent Jurisdiction: If the Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of this Plan, such abstention, refusal or failure of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

G. Severability: If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

H. Binding Effect. The rights and obligations of any entity named or referred to in the Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

I. Governing Law: Except to the extent the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the Commonwealth of Virginia, without giving effect to the principles of conflicts of Jaw thereof.

J. Conflicting Provisions: To the extent that the provisions of the Disclosure Statement are inconsistent with this Plan, the provisions of this Plan shall govern.

K. Headings: Headings are used in this Plan for convenience and reference only, and shall not constitute a part of this Plan for any other purpose.

## XI. POST-CONFIRMATION LIMITATIONS

The Debtors shall file all requisite federal, state and local tax returns.

## XII.   EVENT OF DEFAULT

A. The occurrence of any of the following shall constitute an Event of Default under the Plan: A.  The failure of the Debtor to make any payment or distribution when due under the Plan, which failure shall continue for a period of thirty (30) days or more after written notice from a creditor or the U.S. Trustee regarding the default; and

B. The failure of the Debtor to comply with any of the covenants contained in the Plan, which failure remains uncured for a period of thirty (30) days or more after written notice from a creditor or the U.S. Trustee regarding the default.

C. Default Remedies: Upon the occurrence of an Event of Default under the Plan which is not excused, postponed, modified or waived by Order of the Court or by the written agreement of the applicable creditor and which has not been cured within any applicable time period, interest shall accrue at the rate of eight percent (8%) per annum on each unpaid obligation commencing from the date said payment or distribution was due under the Plan. The creditor shall be entitled to utilize its Federal or State law remedies to collect such debt.

## XIII.  JURISDICTION OF THE COURT

The Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes of Bankruptcy Code § 1127(b) of the Code and for the following purposes:

A. Classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to such claims. The failure by the Debtor to object to, or to examine any claim for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine the claim in whole or in part.

B. Determine any and all applications for compensation and reimbursement of expenses  pursuant  to Bankruptcy Code §330.

C. Modify the Plan or correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan to the extent authorized by the Bankruptcy Code and Bankruptcy Rules.

D. Determine any and all applications, adversary proceedings, and contested or litigated matters pending on Confirmation or arising in or related to the Debtor's reorganization proceeding.

E. Determine matters concerning state, local and federal taxes pursuant to Bankruptcy Code §§ 106, 505, 1141 and 1146.

F. Determine the validity, priority, enforceability and extent of all liens, encumbrances, mortgages, security agreements, deeds of trust, assignments and other charges and levies which are, or become liens or encumbrances on assets or Estate Property prior to Confirmation.

G. Resolve controversies and disputes regarding the interpretation of the Plan.

H. Implement the provisions of the Plan and enter any orders in aid of Confirmation and consummation of the Plan including, without limitation, orders to protect the Debtors and assets and Estate Property from actions by creditors and/or interest holders of the Debtors.

I. Enforce the rights of the Debtors under the Plan.

J. For such other matters as may be set forth in the Confirmation Order.

## XIV. NOTICES

Any notice required by the Plan, or given by any creditor or party in interest concerning the Plan, shall be mailed by certified mail to the Debtor and by regular mail to counsel for the Debtor at the following addresses:

A copy of any notice required by the Plan, or given by any creditor or party in interest concerning the Plan, shall be also mailed by first class mail to:

W. Greer McCreedy, II, Esquire
The McCreedy Law Group, PLLC
413 York Street
Norfolk, Virginia 23510

Office of the United States Trustee
Federal Building, Room 625
200 Granby Street
Norfolk, VA 23510

## XV. DISCHARGE

Upon the conclusion of all payments under the Plan, the Debtors shall timely comply with Standing Order 09-1 by filing a Motion (the "Discharge Motion") for entry of an order granting a discharge accompanied by a Certification of Compliance with 11 U.S.C. § 1141(d)(5). At that time, the Debtors will seek an order that provides that the Debtors are released and discharged from any and all Unsecured claims, Pre-Petition or Post-Petition, claims, rights, debts, liabilities, demands, obligations, liens, security interests, rights of indemnity or contribution, promises, acts, agreements, covenants, contracts, costs, expenses (including, without limitation, attorneys' fees), judgments, damages, and causes of action, of any kind or nature, in law, equity, or otherwise, whether known or unknown, direct or indirect, which any creditor, ever had, now have or hereafter can, shall or may have, or succeed to, arising from relating to, or in connection with, whether directly or indirectly, the Case and the provisions of this Plan.

The Debtors may prepay their Class 18 Quarterly Payments by borrowing sufficient funds from a third party to fully pay the amounts due for satisfaction of Class 18 Claims or to satisfy such claims by liquidation of otherwise exempt assets, and shall be permitted to file the Discharge Motion in order to obtain approval for the discharge of the balance of the Unsecured debt. Absent leave of this Court and except as provided in the Plan, all creditors and parties in interest are enjoined from instituting any act to collect any Pre-Petition obligations of the Debtors.

## XVI. CONCLUSION

The Plan complies with all applicable provisions of Chapter 11, Title 11, United States Code. The Plan is proposed in good faith, is not prohibited by law, and is in the best interests of all creditors, holders of equity interests, and the Debtor as reorganized in accordance herewith.

LAWRENCE IWUAMADI and
CHINYERE IWUAMADI

By: /s/ W. Greer McCreedy, II
       Of Counsel

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors