## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Divsion

In re:

Lawrence Iwuamadi and
Chinyere Iwuamadi,                                                   CASE NO.12-73546-SCS
               Debtors in Possession.              Chapter 11

### ORDER OF CONFIRMATION
### OF DEBTORS' AMENDED PLAN OF REORGANIZATION

The Amended Disclosure Statement dated November 11, 2013 (the "Disclosure Statement") and the Amended Plan of Reorganization dated November 11, 2013 (the "Plan") under Chapter 11 of the Bankruptcy Code, filed by Lawrence Iwuamadi and Chinyere Iwuamadi (the "Debtors"), were transmitted to all creditors and parties in interest on or about January 23, 2014, with notice of the hearing on confirmation of the Plan. The confirmation hearing was convened on February 25, 2014 (the "Confirmation Hearing"). Written objections to confirmation of the Plan were filed as follows ;

i)  Docket No. 135: The Certificate Holders of Harborview Mortgage Loan Trust Series 2006-4, Mortgage Pass-Through Certificates, Series 2006-4 (Class 17),

ii)  Docket No. 187: Wells Fargo Bank, N.A., (Classes 4,5,13 & 14))

iii)  Docket No. 181: Pennymac Holdings, LLC (Class 7) ,

iv)  Docket No. 192: Nationstar Mortgage, LLC(Class 16),

W. Greer McCreedy, II - VSB #27681
The McCreedy Law Group, PLLC
413 West York Street
Norfolk,VA 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
mccreedy@mccreedylaw.com
Counsel for Debtors

v) Docket No. 179: Specialized Loan Servicing, LLC, as servicing agent for the The Bank of New York Mellon fka The Bank of New York, Trustee for the Luminent Mortgage Trust, Mortgage Pass-Through Certificates, Series 2006-1 (Class 15)

vi) Docket Nos. 127, 193 & 194: U.S. Bank National Association, as Trustee for CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-11 (Classes 6,8 &9).

All objections were withdrawn or resolved prior to the Confirmation hearing and no party appeared in opposition to confirmation of the Plan. The Debtors also resolved a potential objection prior to filing of a formal objection regarding Classes 2 and 3 of US Bank National Association/GMAC Mortgage, LLC.

A summary of the ballots has been filed with the Court. Based upon the evidence offered by proffer at the Confirmation Hearing, the representations of counsel and the agreements reached among the parties, the Court hereby makes the following findings of fact and conclusions of law:

1. Proper notice of the Plan and the payment provisions under the Plan were provided to all creditors and parties in interest and Secured Creditors were provided notice in accordance with FRBP 7004.

2. With respect to each class of claims, all creditors that cast ballots did so in favor of the Plan. The Debtors did not receive ballots from Classes 1, 11 and 12.

3. The Plan complies with Title 11 of the United States Code, and the Debtor has complied with the Bankruptcy Code.  All of the elements of 11U.S.C. §1129, required for confirmation of the Plan, have been satisfied.

4.  The Plan is proposed in good faith and not by any means forbidden by law.

W. Greer McCreedy, II - VSB #27681
The McCreedy Law Group, PLLC
413 West York Street
Norfolk,VA 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
mccreedy@mccreedylaw.com
Counsel for Debtors

5. Each holder of a claim or interest in an impaired class of claims or interest has accepted the Plan, or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date of the Plan.

6. Any payment made or to be made by the Debtor for services or for costs and expenses in or inconnection with the case, or in connection with the Plan and incident to the case, has been approved by the court or is subject to the approval of the Court as reasonable.

7. Creditors holding claims entitled to priority pursuant to §§507(a)(1) through (9) of the Bankruptcy Code inclusive, are being paid as required by law or have agreed to treatment otherwise.

8. The Debtor has rejected all Executory Contractsor Unexpired Leases of the Debtor.

9. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor and such liquidation or reorganization is not proposed in the Plan.

10. All fees pay able under 28 U.S.C. §1930, as determined by the Court have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan continuing until the case is closed.

11. Neither of the Debtors is subject to any requirement to pay a domestic support obligation.

12. Any objections that were filed by a holder of an allowed unsecured claim were resolved and withdrawn prior to the hearing. Regardless, the value of the property to be distributed §under The Plan is not less than the projected disposable income of the Debtors to be received

W. Greer McCreedy, II - VSB #27681
The McCreedy Law Group, PLLC
413 West York Street
Norfolk,VA 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
mccreedy@mccreedylaw.com
Counsel for Debtors

during the five year period beginning on the Effective Date of the Plan.

13. Not withstanding the requirement of 11U.S.C. §1129 (a) (8), the Debtors requested the Court to confirm the Plan. The Plan does not discriminate unfairly and, with respect to classes 1, 11 and 12, is fair and equitable. Classes 1, 11 and 12 are classes of claims secured by real properties of the Debtors.  With respect to the holders of such claims, the Plan provides that the holders—

i)        retain their liens to the extent of Allowed amounts of their claims as provided in the Plan ;and

ii)      receive on account of such claims deferred cash payments totaling the allowed amount of such claims of a value, as of the effective date of the Plan, of each such holder's interest in the respective real properties of the Debtors.

14. This Court shall retain jurisdiction over this case following confirmation and until consummation of the Plan for the purposes set forth in the Plan.

15. The capitalized terms used in this Order which are defined in the Plan will have the same meanings when used in this Order.

16. The Debtors and the objecting Creditors have reached agreement to modify plan to resolve their differeneces as to interest rate and in some cases to compromise as to the fair market value of the subject collateral for purposes of 11 USC § 506. Attached to this Order are Amended class treatment descriptions intended to reflect the parties agreement and understanding. Unless included in the attached exhibits all other provisions of the Debtor's First Amended Plan of Reorganization dated as of November 11, 2013 remain unchanged.

W. Greer McCreedy, II - VSB #27681
The McCreedy Law Group, PLLC
413 West York Street
Norfolk,VA 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
mccreedy@mccreedylaw.com
Counsel for Debtors

UPON CONSIDERATION WHEREOF, it is **ORDERED, ADJUDGED AND DECREED**
that the Plan is hereby confirmed. The Debtor is ordered and authorized to perform all acts, execute
and deliver all documents and instruments necessary to carry out the intent and purposes of the Plan.
**The terms and provisions of the Plan as modified by the terms of their Order are binding upon
the Debtors, all of its creditors and all parties in interest affected thereby.  Attached hereto and
incorporated herein is Exhibit A reflecting the final treatmeant of all classes.  Class treatments
marked as "Amended" reflect the modifications agreed to by the parties as evidenced by the
signatures of counsel hereto.   All other terms of the Debtors First Amended Plan remain
unchanged.**

It is further **ORDERED, ADJUDGED AND DECREED** that the following Second Deed
of Trust Claims**,** shall be treated as Class 18 Unsecured Claims under the Plan and any liens of
record securing such claims are **hereby released** and shall no longer constitute a lien against the
real property, all pursuant to Adversary Proceedings and Orders entered by the Court:

a. APN: 13-07139-FJS: The Claim of GreenPoint Mortgage Funding, Inc., secured by the lien
against the real property located at 2104 Gilmerton Road, Chesapeake, Virginia, and recorded at
DB 6024, page 794.  The property was foreclosed during the case and the obligation secured
by the Second Deed of Trust is now "unsecured" by operation of law.

b. APN: 13-07140-FJS: The claim of Bank of America, N.A/Greentree Servicing, LLC , secured
by the lien against the real property located at 1752 Purpose Drive, Virginia Beach, Virginia and
which  is  evidenced  by  that  certain  deed  of  trust  rerecorded  as   Instrument  Number
20070517000669810.

c. APN: 13-07141-FJS  The claim of Etrade Bank/Specialized Loan Servicing LLC secured

W. Greer McCreedy, II - VSB #27681
The McCreedy Law Group, PLLC
413 West York Street
Norfolk,VA 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
mccreedy@mccreedylaw.com
Counsel for Debtors

by the lien against the real property located at 3928 St. Eric's Turn, Williamsburg, Virginia

which is evidenced by that certain corrected deed of trust recorded in clerk's office of the City

of Williamsburg, Virginia on March 20,2006, as Instrument No 060005638 and corrected

Instrument No 060024549.

d. APN: 13-07142-FJS : The claim of Etrade Bank/Specialized Loan Servicing LLC, secured by

a lien against the real property located at 1933 Live Oak Trail which is evidenced by that certain

deed of trust recorded in the Ciruict Court of the City of Virginia Beach as Instrument

No.20060710001038270.

It is further **ORDERED, ADJUDGED AND DECREED** that this Order may be recorded

among the land records in the appropriate jurisdiction for the Real Properties which were subject to

Second Deed of Trust Claims as further evidence of the release of the liens securing such claims.

It is further **ORDERED**, **ADJUDGED AND DECREED** that all creditors and parties in

interest are bound by the Plan, as confirmed, and will not have claims against the Debtors other than

as specifically stated in the Plan.  The sole remedy and right of collection of the holders of Claims is

pursuant to the provisions of this Plan, whether or not such holder accepted this Plan and whether or

not the claims of such holder are impaired under the Plan.

Itis further **ORDERED, ADJUDGED AND DECREED** that pending (a)the conclusion of

all payments under the Plan, or (b) completion of all payments of Class 18 Claims in accordance

with the Plan, and upon the granting of a discharge in accordance with 11 U.S.C.§ 1141(d) and

Standing Order 09-1,unless specifically excepted by the Court, the Debtors shall be released and

discharged from any and all Pre-Petition claims, rights, debts, liabilities, demands,obligations, liens,

security interests, rights of indemnity or contribution, promises, acts, agreements, covenants,

W. Greer McCreedy, II - VSB #27681
The McCreedy Law Group, PLLC
413 West York Street
Norfolk,VA 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
mccreedy@mccreedylaw.com
Counsel for Debtors

contracts, costs, expenses (including, without limitation, attorneys' fees), judgments, damages, and causes of action, of any kind or nature, inlaw, equity, orotherwise, whether known or unknown, direct or indirect, which any creditor, ever had, now have or hereafter can, shall or may have, or succeed to,arising from relating to,or inconnection with, whether directly or indirectly, the Case and the provisions of this Plan. Any judgment hereto or hereafter obtained in any court, other than this Court, is null and void as a determination of the liability of the Debtors with respect to debts dischargeable under 11 U.S.C. §1141(d).

It is further **ORDERED, ADJUDGED AND DECREED** that the Debtors and any other necessary party shall perform any act necessary for the consummation of the Plan, including the Execution or delivery, or shall join in the execution or delivery, of any instrument required to effect the release of any liens against the property of the Debtors as provided for in the Plan or in this Order.

It is further **ORDERED, ADJUDGED AND DECREED** that the 14-day stay imposed by Bankruptcy Rule 3020(e) is waived.

Upon entry the Clerk of the United States Bankruptcy Court shall direct copies of the foregoing Order to those on the List of Persons to Receive a Copy of Order.

Entered: Apr 10 2014

/s/ Stephen C. St.John

UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: 4/10/2014

W. Greer McCreedy, II - VSB #27681
The McCreedy Law Group, PLLC
413 West York Street
Norfolk,VA 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
mccreedy@mccreedylaw.com
Counsel for Debtors

I ASK FOR THIS:

*/s/ W. Greer McCreedy, II*
W. Greer McCreedy, II
The McCreedy Law Group
413 West York Street
Norfolk, VA 23510
Counsel for the Debtors


SEENAND AGREED:


/s/ Abby K. Moynihan, Esquire (By W. Greer McCreedy, II with permission via email)
Abby K. Moynihan, Esquire
McCabe, Weisburg & Conway, LLC
312 Marshall Ave., Suite 800
Laurel, MD 20707
Counsel for Class 2 & 3


/s/ Mark Meyer, Esquire          (By W. Greer McCreedy, II with permission via email)
Mark Meyer, Esquire
Rosenberg & Associates LLC
7910 Woodmont Ave., Suite 750
Bethesda, MD 20814
Counsel for Class 4, 5, 13, & 14


/s/ Susan Meyer, Esquire          (By W. Greer McCreedy, II with permission via email)
Shapiro & Brown
236 Clearfield Ave., Suite 215
Virginia Beach, VA 23462
Counsel for Class 6, 8, & 9


/s/Kristen Misleh, Esquire      (By W. Greer McCreedy, II with permsission via email)
Kristen Misleh, Esquire
Atlantic Law Group
803 Sycolin Road, Suite 301
Leesburg, VA 20175
Counsel for Class 10 & 15

W. Greer McCreedy, II - VSB #27681
The McCreedy Law Group, PLLC
413 West York Street
Norfolk,VA 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
mccreedy@mccreedylaw.com
Counsel for Debtors

/s/Angela Nicole Watson, Esquire  (By W. Greer McCreedy, II with permsission via email)
Angela Nicole Watson, Esquire
Morris, Maduick, Schneider, PLLC
22375 Broderick Drive, Suite 260
Dulles, VA 20166
Counsel for Class 17

/s/ Thomas Bradford Dail, Esquire (By W. Greer McCreedy, II with permission via email)
Thomas Bradford Dail, Esq.
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
Counsel for Class 16


SEEN WITHOUT OBJECTION:


Judy A. Robbins, Trustee
Office of the U.S. Trustee, Region 4-N
200 Granby Street, Room 625
Norfolk, VA 23510
By:  /s/Cecelia A. Weschler_____  (By W. Greer McCreedy, II with permission via email)


**CERTIFICATE OF ENDORSEMENT**

I certify that the foregoing Order has been endorsed by all necessary parties pursuant to Local Rule9 022-1(C)(1).


/s/W. Greer McCreedy, II____
W. Greer McCreedy, II

_

W. Greer McCreedy, II - VSB #27681
The McCreedy Law Group, PLLC
413 West York Street
Norfolk, VA 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
mccreedy@mccreedylaw.com
Counsel for Debtors

**<u>List of Persons to Receive a Copy of Order:</u>**

Lawrence Iwuamadi
Chinyere Iwuamadi
1733 Live Oak Trail
Virginia Beach, VA 23456

Abby K. Moynihan, Esquire
McCabe, Weisburg & Conway, LLC
312 Marshall Ave., Suite 800
Laurel, MD 20707

Mark Meyer, Esquire
Rosenberg & Associates LLC
7910 Woodmont Ave., Suite 750
Bethesda, MD 20814

Shapiro & Brown
236 Clearfield Ave., Suite 215
Virginia Beach, VA 23462

Kristen Misleh, Esquire
Atlantic Law Group
803 Sycolin Road, Suite 301
Leesburg, VA 20175

Angela Nicole Watson, Esquire
Morris, Maduick, Schneider, PLLC
22375 Broderick Drive, Suite 260
Dulles, VA 20166

Thomas Bradford Dail, Esq.
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229

Judy A. Robbins, Trustee
Office of the U.S. Trustee, Region 4-N
200 Granby Street, Room 625
Norfolk, VA 23510

W. Greer McCreedy, II - VSB #27681
The McCreedy Law Group, PLLC
413 West York Street
Norfolk, VA 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
mccreedy@mccreedylaw.com
Counsel for Debtors

**Class 1 – Secured Claim of The Bank of NY Mellon.**

This class is comprised of the Allowed Claim of The BANK OF NY MELLON against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first Deed of Trust on the 1733 LIVE OAK TRAIL Property. The approximate balance owed is $838,579. The property is appraised for $750,000.

This class is Impaired. The holder of the Class 1 Claim, believed to be The BANK OF NY MELLON is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 1 Claim shall be bifurcated and Allowed as a secured claim in the amount of $ 750,000, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 1733 LIVE OAK TRAIL Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $88,579 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Debtors propose to list the property for short sale at the appraised value of $750,000, for a period of 120 days. For the purposes of plan calculation the Debtor estimates that the Class 1 creditor will suffer a deficiency of approximately $150,000.00 and the Second Deed of Trust holder will receive no proceeds from the sale to apply against its $159,000.00 claim. In any event, if not sold, the Debtor will surrender the property at 1733 Live Oak Trail and move to the more affordable home at 1752 Purpose Drive, within 120 days of the effective date.

Both deficiencies will be treated in Class 18.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone:  (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

**Amended Class 2 – Claim of GMAC Mortgage.**

This class is comprised of the Allowed Claim of GMAC MORTGAGE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 1340 SIERRA DRIVE Property.   The approximate balance owed is $102,099. The property is appraised for $105,000.

1340 Sierra Drive was conveyed into the name of "Lach International" at the recommendation of Gloria Ryser.  Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi and Chenyere A. Iwuamadi , the Grantor on the Deed of Trust.

This class is Impaired. The holder of the Class 2 Claim, believed to be GMAC MORTGAGE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 2 Claim shall be Allowed in the amount of $105,000.00 , the loan balance, pursuant to 11 U.S.C. § 506 and 1129(b)(2)(A).

The Allowed Secured Claim shall be satisfied as follows:

1. In accordance with 11 U.S.C. §§ 1129(b)(2)(A)(i)(I), GMAC MORTGAGE shall retain its lien on the 1340 SIERRA DRIVE Property to the extent of the Allowed Amount of the Class 2 Claim.

2. The Allowed amount of the Class 2 Claim shall be amortized over 25 years and bear interest at the fixed rate of  4.25%. Equal monthly principal and interest payments of $  568.83 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3. The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4. Within the latter of the Effective Date or sixty days after receipt of written notice that GMAC MORTGAGE shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

5.    To the extent that GMAC MORTGAGE's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.    At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 2 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.    Upon satisfaction of all payments due under the Plan, the holder of the Class 2 Claim shall release the lien of the deed of trust on the 1340 SIERRA DRIVE property.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

### Amended Class 3 -Claim of GMAC Mortgage

This class is comprised of the Allowed Claim of GMAC MORTGAGE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 5829 EAST HASTINGS ARCH Property. The approximate balance owed is $149,107. The property appraised for $100,000.

This class is Impaired. The holder of the Class 3 Claim, believed to be GMAC MORTGAGE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  The Class 3 Claim shall be bifurcated and Allowed as a secured claim in the amount of $100,000, the appraised value, pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $49,107 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1. In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), GMAC Mortgage shall retain its lien on the 5829 EAST HASTING ARCH Property to the extent of the Allowed Amount of the Class 3 Claim.

2. The Allowed amount of the Class 3 Claim shall be amortized over 25 years and bear interest at the fixed rate of   4.25%. Equal monthly principal and interest payments of $  541.74 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3. The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4. Within the latter of the Effective Date or sixty days after receipt of written notice that GMAC MORTGAGE shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone:  (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

5.    To the extent that GMAC MORTGAGE's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.    At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 3 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.    Upon satisfaction of all payments due under the Plan, the holder of the Class 3 Claim shall release the lien of the deed of trust on the 5829 EAST HASTINGS ARCH property.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

### Amended Class 4- Claim of Wells Fargo

This class is comprised of the Allowed Claim of WELLS FARGO against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 3333 SCARBOROUGH WAY Property. The approximate balance owed is $ 91,000. The property is appraised for $62,500.

This class is Impaired. The holder of the Class 4 Claim, believed to be WELLS FARGO is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 4 Claim shall be bifurcated and Allowed as a secured claim in the amount of $62,500, the appraised value, Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $28,600 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1. In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), WELLS FARGO shall retain its lien on the 3333 SCARBOROUGH WAY Property to the extent of the Allowed Amount of the Class 4 Claim.

2. The Allowed amount of the Class 4 Claim shall be amortized over 25 years and bear interest at the fixed rate of 5%. Equal monthly principal and interest payments of $ 365.37 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3. The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4. Within the latter of the Effective Date or sixty days after receipt of written notice that WELLS FARGO shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

5.  To the extent that WELLS FARGO's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.  At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 4 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.  Upon satisfaction of all payments due under the Plan, the holder of the Class 4 Claim shall release the lien of the deed of trust on the 3333 SCARBOROUGH WAY property

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

## Amended Class 5 - Claim of Wells Fargo

This class is comprised of the Allowed Claim of WELLS FARGO against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 5606 SUMMIT ARCH Property. The approximate balance owed is $ 75,111. The property is appraised for $50,000.

This class is Impaired. The holder of the Class 5 Claim, believed to be WELLS FARGO is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 5 Claim shall be bifurcated and Allowed as a secured claim in the amount of $50,000, pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $25,111 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.    In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), WELLS FARGO shall retain its lien on the 5606 SUMMIT ARCH Property to the extent of the Allowed Amount of the Class 5 Claim.

2.    The Allowed amount of the Class 5 Claim shall be amortized over 25 years and bear interest at the fixed rate of 5%. Equal monthly principal and interest payments of $ 292.30 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.    The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.    Within the latter of the Effective Date or sixty days after receipt of written notice that WELLS FARGO shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

5.   To the extent that WELLS FARGO's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.   At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 5 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.   Upon satisfaction of all payments due under the Plan, the holder of the Class 5 Claim shall release the lien of the deed of trust on the 5606 SUMMIT ARCH property.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

## Amended Class 6 – Claim of US Bank National Association, Trustee, and/or JP Morgan Chase

This class is comprised of the Allowed Claim of **US Bank National Association, Trustee, and/or** JP MORGAN CHASE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 3249 CREEKSIDE DRIVE Property. The approximate balance owed is $95,070. The property is appraised for $60,000.

3249 Creekside Drive was conveyed into the name of "Lach International" at the recommendation of Gloria Ryser. Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi and Chinyere Iwuamadi, the Grantors on the Deed of Trust.

This class is Impaired. The holder of the Class 6 Claim, believed to be **US Bank National Association, Trustee, and/or** JP MORGAN CHASE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 6 Claim shall be bifurcated and Allowed as a secured claim in the amount of $ 60,000, the appraised value, of 3249 CREEKSIDE DRIVE Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $35,070 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1. In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), JP MORGAN CHASE shall retain its lien on the 3249 CREEKSIDE DRIVE Property to the extent of the Allowed Amount of the Class 6 Claim.

2. The Allowed amount of the Class 6 Claim shall be amortized over 25 years and bear interest at the fixed rate of %. Equal monthly principal and interest payments of $ **350.75** are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3. The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4. Within the latter of the Effective Date or sixty days after receipt of written notice that **US Bank National Association, Trustee, and/or** JP

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

MORGAN CHASE shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5. To the extent that **US Bank National Association, Trustee, and/or** JP MORGAN CHASE's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6. At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 6 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7. Upon satisfaction of all payments due under the Plan, the holder of the Class 6 Claim shall release the lien of the deed of trust on the 3249 CREEKSIDE DRIVE property.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

### Amended Class 7 – Claim of Bank of America

This class is comprised of the Allowed Claim of PennyMac and/or BANK OF AMERICA against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 3335 SCARBOROUGH WAY Property. The approximate balance owed is $84,686. The property is appraised for $62,500.

This class is Impaired. The holder of the Class 7 Claim, believed to be PennyMac and/or BANK OF AMERICA is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 7 Claim shall be Allowed in the amount of $ $62,500, the appraised value, of pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $22,186 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1. In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), PennyMac and/or BANK OF AMERICA shall retain its lien on the 3335 SCARBOUROUGH WAY Property to the extent of the Allowed Amount of the Class 7 Claim.

2. The Allowed amount of the Class 7 Claim shall be amortized over 25 years and bear interest at the fixed rate of 5%. Equal monthly principal and interest payments of $ 365.37 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3. The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4. Within the latter of the Effective Date or sixty days after receipt of written notice PennyMac and/or BANK OF AMERICA shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

5.   To the extent that PennyMac and/or BANK OF AMERICA's Allowed
     Claim exceeds the value of the Property, such claim shall be a
     Deficiency Claim and shall be treated as an Unsecured Claim under the
     Plan.

6.   At any time after the Effective Date, the Debtors may elect to pay the
     Allowed amount of the Class 7 Claim in full, without penalty, upon
     payment of the outstanding balance of the Claim, plus any accrued, but
     unpaid interest due under the Plan.

7.   Upon satisfaction of all payments due under the Plan, the holder of the
     Class 7 Claim shall release the lien of the deed of trust on the 3335
     SCARBOROUGH WAY property.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

**Amended Class 8 – Secured Claims of JP Morgan Case**

This class is comprised of the Allowed Claim of **US Bank National Association, Trustee, and/or** JP MORGAN CHASE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 879 SOUTH CLUBHOUSE ROAD Property. The approximate balance owed is $ 94,528. **The property is appraised for $92,500.**

This class is Impaired. The holder of the Class 8 Claim, believed to be JP MORGAN CHASE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 8 Claim shall be bifurcated and Allowed as a secured claim in the amount of $ 92,500.00 , the Agreed upon Modified principal value of 879 SOUTH CLUBHOUSE ROAD Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $ 2,028.00 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1. In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), **US Bank National Association, Trustee, and/or** JP MORGAN CHASE shall retain its lien on the 879 SOUTH CLUBHOUSE ROAD Property to the extent of the Allowed Amount of the Class 8 Claim.

2. The Allowed amount of the Class 8 Claim shall be amortized over 25 years and bear interest at the fixed rate of 5%. Equal monthly principal and interest payments of $ 438.44 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3. The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4. Within the latter of the Effective Date or sixty days after receipt of written notice that **US Bank National Association, Trustee, and/or** JP MORGAN CHASE shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

5.    To the extent that **US Bank National Association, Trustee, and/or** JP
      MORGAN CHASE's Allowed Claim exceeds the value of the Property,
      such claim shall be a Deficiency Claim and shall be treated as an
      Unsecured Claim under the Plan.

6.    At any time after the Effective Date, the Debtors may elect to pay the
      Allowed amount of the Class 8 Claim in full, without penalty, upon
      payment of the outstanding balance of the Claim, plus any accrued, but
      unpaid interest due under the Plan.

7.    Upon satisfaction of all payments due under the Plan, the holder of the
      Class 8 Claim shall release the lien of the deed of trust on the 879
      SOUTH CLUBHOUSE ROAD property.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

**Amended Class 9 – Claim of** US Bank National Association, Trustee and/or **JP Morgan Chase**

This class is comprised of the Allowed Claim of US Bank National Association, Trustee and/or JP MORGAN CHASE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 3307 RAINIER COURT Property. The approximate balance owed is $84,706. The property is appraised for $75,000.

3307 Rainier Court was conveyed into the name of "Lach International" at the recommendation of Gloria Ryser. Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi and Chenyere A. Iwuamadi , the Grantors on the Deed of Trust.

This class is Impaired. The holder of the Class 9 Claim, believed to be US Bank National Association, Trustee and/or JP MORGAN CHASE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 9 Claim shall be bifurcated and Allowed as a secured claim in the amount of $ 75,000, pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $14,786 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.  In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), US Bank National Association, Trustee and/or JP MORGAN CHASE shall retain its lien on the 3307 RAINIER COURT Property to the extent of the Allowed Amount of the Class 9 Claim.

2.  The Allowed amount of the Class 9 Claim shall be amortized over 25 years and bear interest at the fixed rate of 5%. Equal monthly principal and interest payments of $ 438.44 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.  The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.  Within the latter of the Effective Date or sixty days after receipt of written notice that US Bank National Association, Trustee and/or JP MORGAN CHASE shall require an escrow arrangement for the payment

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5. To the extent that US Bank National Association, Trustee and/or JP MORGAN CHASE's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6. At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 9 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7. Upon satisfaction of all payments due under the Plan, the holder of the Class 9 Claim shall release the lien of the deed of trust on the 3307 RAINIER COURT property.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

## Amended Class 10- Claim of Greenpoint Mortgage

This class is comprised of the Allowed Claim of GREENPOINT MORTGAGE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 2104 GILMERTON ROAD Property. The approximate balance owed is $175,235. The property is appraised for $185,000.

The class 10 Claimant declined to accept the plan and foreclosed in the property pursuant to an action granting relief from the stay during the case.

The foreclosure sale satisfied the class 10 claimants first priority Note and Deed of Trust and there is no deficiency.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

## Class 11 – Claim of Bank of NY Mellon

This class is comprised of the Allowed Claim of The Bank OF NY MELLON against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 3928 ST. ERIC'S TURN Property. The approximate balance owed is $ 398,546. The property is appraised for $325,000.

3928 St. Eric's Turn was conveyed into the name of "St. Eric's Turn Holdings Trust" at the recommendation of Gloria Ryser. Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi, the Grantor on the Deed of Trust.

This class is Impaired. The holder of the Class 11 Claim, believed to be The BANK OF NY MELLON is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 11 Claim shall be Allowed in the amount of $ 325,000, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 3928 ST. ERIC'S TURN Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A).

The Allowed Secured Claim shall be satisfied as follows:

1.    In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), The Bank OF NY MELLON shall retain its lien on the 3928 ST. ERIC'S TURN Property to the extent of the Allowed Amount of the Class 11 Claim.

2.    The Allowed amount of the Class 11 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 1,715.47 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.    The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.    Within the latter of the Effective Date or sixty days after receipt of written notice that The Bank OF NY MELLON shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

5.     To the extent that The Bank OF NY MELLON's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.     At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 11 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.     Upon satisfaction of all payments due under the Plan, the holder of the Class 11 Claim shall release the lien of the deed of trust on the 3928 ST. ERIC'S TURN property.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

### Class 12- Claim of Wells Fargo

This class is comprised of the Allowed Claim of WELLS FARGO against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 3280 SACRAMENTO DRIVE Property. The approximate balance owed is $ 243,706. The property is appraised for $277,500.

3280 Sacramento Drive was conveyed into the name of "Sacramento Holdings Trust #3280" at the recommendation of Gloria Ryser. Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi, the Grantor on the Deed of Trust.

This class is Impaired. The holder of the Class 12 Claim, believed to be WELLS FARGO is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 12 Claim shall be Allowed in the amount of $ 243,706, the appraised value, or as otherwise Allowed and determined by the Court at the Confirmation Hearing to be the value of the 3280 SACRAMENTO DRIVE Property pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A).

The Allowed Secured Claim shall be satisfied as follows:

1.  In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), WELLS FARGO shall retain its lien on the 3280 SACRAMENTO DRIVE Property to the extent of the Allowed Amount of the Class 12 Claim.

2.  The Allowed amount of the Class 12 Claim shall be amortized over 25 years and bear interest at the fixed rate of 4%. Equal monthly principal and interest payments of $ 1,286.37 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.  The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.  Within the latter of the Effective Date or sixty days after receipt of written notice that WELLS FARGO shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone:  (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

5.     To the extent that WELLS FARGO's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.     At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 12 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.     Upon satisfaction of all payments due under the Plan, the holder of the Class 12 Claim shall release the lien of the deed of trust on the 3280 SACRAMENTO DRIVE property.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone:  (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

## Amended Class 13 – Claim of Wells Fargo

This class is comprised of the Allowed Claim of WELLS FARGO against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 519 PIER COURT Property. The approximate balance owed is $ 78,558. The property is appraised for $51,000.

This class is Impaired. The holder of the Class 13 Claim, believed to be WELLS FARGO is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 13 Claim shall be bifurcated and Allowed as a secured claim in the amount of $ 51,000, the appraised value, pursuant to 11 U.S.C. § 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $17,558 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.   In accordance with 11 U.S.C. §1129(b)(2)(A)(i)(I), WELLS FARGO shall retain its lien on the 519 PIER COURT Property to the extent of the Allowed Amount of the Class 13 Claim.

2.   The Allowed amount of the Class 13 Claim shall be amortized over 25 years and bear interest at the fixed rate of 5%. Equal monthly principal and interest payments of $  298.14 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.   The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.   Within the latter of the Effective Date or sixty days after receipt of written notice that WELLS FARGO shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

5.    To the extent that WELLS FARGO's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.    At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 13 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.    Upon satisfaction of all payments due under the Plan, the holder of the Class 13 Claim shall release the lien of the deed of trust on the 519 PIER COURT property.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone:  (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

## Amended Class 14 – Claim of Wells Fargo

This class is comprised of the Allowed Claim of WELLS FARGO against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 5612 DODINGTON COURT Property. The approximate balance owed is $ 108,468. The property is appraised for $90,000.

This class is Impaired. The holder of the Class 14 Claim, believed to be WELLS FARGO is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 14 Claim shall be bifurcated and Allowed as a secured claim in the amount of $90,000, the appraised value, pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $18,468 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.   In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), WELLS FARGO shall retain its lien on the 5612 DODINGTON COURT Property to the extent of the Allowed Amount of the Class 14 Claim.

2.   The Allowed amount of the Class 14 Claim shall be amortized over 25 years and bear interest at the fixed rate of 5%. Equal monthly principal and interest payments of $ 526.13 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.   The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.   Within the latter of the Effective Date or sixty days after receipt of written notice that WELLS FARGO shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

5.     To the extent that WELLS FARGO's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.     At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 14 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.     Upon satisfaction of all payments due under the Plan, the holder of the Class 14 Claim shall release the lien of the deed of trust on the 5612 DODINGTON COURT property.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

**Amended Class 15 – Claim of** Specialized Loan Servicing, LLC and/or **Countrywide**

This class is comprised of the Allowed Claim of Specialized Loan Servicing, LLC and/or COUNTRYWIDE against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 1313 PERSHING COURT Property. The approximate balance owed is $113,290. **The property is appraised for $75,000.**

1313 Pershing Court was conveyed into the name of "Lach International" at the recommendation of Gloria Ryser. Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi and Chenyere A. Iwuamadi , the Grantors on the Deed of Trust.

This class is Impaired. The holder of the Class 15 Claim, believed to be COUNTRYWIDE is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 15 Claim shall be bifurcated and Allowed as a secured claim in the amount of $,, 80,000.00 pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $33,290.00 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.    In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), COUNTRYWIDE shall retain its lien on the 1313 PERSHING COURT Property to the extent of the Allowed Amount of the Class 15 Claim.

2.    The Allowed amount of the Class 15 Claim shall be amortized over 25 years and bear interest at the fixed rate of 5%. Equal monthly principal and interest payments of $ 467.67 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.    The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

4.    Within the latter of the Effective Date or sixty days after receipt of written notice that COUNTRYWIDE shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

amount calculated in accordance with applicable law and the Loan Documents.

5.    To the extent that COUNTRYWIDE's allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.    At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 15 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.    Upon satisfaction of all payments due under the Plan, the holder of the Class 15 Claim shall release the lien of the deed of trust on the 1313 PERSHING COURT property.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone:  (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

**Amended Class 16 – Claim of** NationStar Mortgage LLC and/or **Aurora Bank**

This class is comprised of the Allowed Claim of NationStar Mortgage LLC and/or AURORA BANK against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 1752 PURPOSE DRIVE Property. The approximate balance owed is $447,451. The property is appraised for $345,000.

1752 Purpose Drive was conveyed into the name of "Purpose Holdings Trust #1752" at the recommendation of Gloria Ryser. Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi and Chenyere A. Iwuamadi , the Grantors on the Deed of Trust.

This class is Impaired. The holder of the Class 16 Claim, believed to be NationStar Mortgage LLC and/or AURORA BANK is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 16 Claim shall be bifurcated and Allowed as a secured claim in the amount of $352,728.66 representing the appraised value of $345,000.00 together with $7,726.00 IN CAPITALIZED ESCROW ARREARAGES and to capitalize $7,726.00 in escrow arrearages, pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $102,451 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1.   In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), NationStar Mortgage LLC and/or AURORA BANK shall retain its lien on the 1752 PURPOSE DRIVE Property to the extent of the Allowed Amount of the Class 16 Claim.

2.   The Allowed amount of the Class 16 Claim shall be amortized over 30 years and bear interest at the fixed rate of 5%. Equal monthly principal and interest payments of $ 1,852.03 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full.

3.   The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

4.      Within the latter of the Effective Date or sixty days after receipt of written notice that NationStar Mortgage LLC and/or AURORA BANK shall require an escrow arrangement for the payment of property taxes .and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.      To the extent that NationStar Mortgage LLC and/or AURORA BANK's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.      At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 16 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

### Amended Class 17 – Claim of US Bank National Association and/or Bank of America

This class is comprised of the Allowed Claim of **US Bank National Association and/or** BANK OF AMERICA against Lawrence/Chinyere or Lawrence and Chinyere Iwuamadi that is secured by the lien of the first deed of trust on the 891 S. CLUB HOUSE ROAD Property. The approximate balance owed is $107,576. **The property is appraised for $92,500.**

891 S. Clubhouse Road was conveyed into the name of "Lach International" at the recommendation of Gloria Ryser. Upon confirmation the subject property will be conveyed via quick claim deed to Lawrence I. Iwuamadi and Chenyere A. Iwuamadi , the Grantors on the Deed of Trust.

This class is Impaired. The holder of the Class 17 Claim, believed to be **US Bank National Association and/or** BANK OF AMERICA is entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Class 17 Claim shall be bifurcated and Allowed as a secured claim in the amount of $ 97,500.00, the Agreed upon principal balance pursuant to 11 U.S.C. §§ 506 and 1129(b)(2)(A). The Unsecured portion of the claim in the sum of $15,076 shall be treated in accordance with the provisions of Class 18 (unsecured claims).

The Allowed Secured Claim shall be satisfied as follows:

1. In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), **US Bank National Association and/or** BANK OF AMERICA shall retain its lien on the 891 S. CLUB HOUSE ROAD Property to the extent of the Allowed Amount of the Class 17 Claim.

2. The Allowed amount of the Class 17 Claim shall be amortized over 25 years and bear interest at the fixed rate of  4.50%. Equal monthly principal and interest payments of $ 494.02 are due and payable monthly, beginning on the Effective Date and continuing on the same day of each calendar month thereafter, until the balance of the Allowed Secured Claim is paid in full or the maturity date of April 1, 2046 whichever is earlier. The remainder of the Class 17 claim that is unpaid as of April 1, 2046 shall be due and payable on such date.

3. The Debtors shall continue to insure, maintain and otherwise preserve the property in accordance with the Loan Documents. The loan currently has an escrow portion and will continue to contain an escrow portion after the Effective Date.   Such escrow portion shall be added to the above

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone:  (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

mentioned principal and interest payment and due in the same manner as payments in paragraph 2.

4.  Within the latter of the Effective Date or sixty days after receipt of written notice that **US Bank National Association and/or** BANK OF AMERICA shall require an escrow arrangement for the payment of property taxes and insurance, the Debtors shall commence making monthly payments as directed in the appropriate amount calculated in accordance with applicable law and the Loan Documents.

5.  To the extent that **US Bank National Association and/or** BANK OF AMERICA's Allowed Claim exceeds the value of the Property, such claim shall be a Deficiency Claim and shall be treated as an Unsecured Claim under the Plan.

6.  At any time after the Effective Date, the Debtors may elect to pay the Allowed amount of the Class 17 Claim in full, without penalty, upon payment of the outstanding balance of the Claim, plus any accrued, but unpaid interest due under the Plan.

7.  Upon satisfaction of all payments due under the Plan, the holder of the Class 17 Claim shall release the lien of the deed of trust on the 891 S. CLUB HOUSE ROAD property.

The stay under §362 is lifted to allow the holder of Class 17 to communicate with the Debtor regarding regular statements, loss mitigation opportunities, accurate credit reporting and other routine loan level activities. All monetary defaults are governed by section XII of the Plan.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors

### Class 18 –Unsecured Claims.

This class is compromised of all priority unsecured claims, including the unsecured portion of normally secured claims bifurcated pursuant to 11 USC § 506 and the claim of the Second Deed of Trust holders avoided or "stripped" as wholly unsecured.

This class is comprised of all Unsecured Claims. This class is Impaired. Holders of Unsecured Claims are entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code. The Debtors will contribute from their income, after accounting for payments of household expenses, Priority Claims, Secured Claims, expenses associated with the Rental Properties, and fees to the U.S. Trustee, and make pro-rata Distributions of Quarterly Payments, in satisfaction of all Class 18 Claims.

     1. $5,292 for 24 quarters.

The Debtors shall distribute the Quarterly Payments pro-rata to holders of Class 18 Claims, based on the total Allowed Amount of the Unsecured Claims. At any time after the Effective Date, the Debtors may fully satisfy all obligations due to holders of Class 18 Claims by pre-paying the outstanding balance of the Quarterly Payments due under the Plan, or an amount otherwise agreed by any member of Class 18. A final distribution shall be made pro-rata to holders of Class 18 Claims if the Debtors elect to make such a pre-payment.

W. Greer McCreedy, II, VSB #27681
THE McCREEDY LAW GROUP, PLLC
413 West York Street
Norfolk, Virginia 23510
Telephone:  (757) 233-0045
Facsimile: (757) 233-7661
Counsel for the Debtors